IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NEW MUSLIM PARTY aka JERMEL ARCILIA TAYLOR #24124924, | ) ) ) |
| Plaintiff, | ) No. 3:24-cv-000458 ) |
| v. | ) Judge Trauger ) Magistrate Judge Holmes |
| STATE OF TENNESSEE, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff New Muslim Party aka Jermel Arcilicia Taylor (*see* Doc. No. 1 at 2, 11; Doc. No. 2 at 1)[1] has filed a pro se complaint under 42 U.S.C. § 1983 against the State of Tennessee, alleging violations of his civil rights. (Doc. No. 1). Taylor is an inmate of the Eastern Oregon Correctional Institute in Pendleton, Oregon.

**I. FILING FEE**

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

---

[1] Plaintiff also is known by "Melo, Moses, Yusuf, and Popcorn." (Doc. No. 1 at 2).

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Eastern Oregon Correctional Institute to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this

2

Case 3:24-cv-00458    Document 6    Filed 05/02/24    Page 2 of 5 PageID #: 34

Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Plaintiff alleges claims under Title 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must

3

allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

According to the complaint, the events giving rise to Plaintiff's claims occurred in the "1800's and in 1968 in broad daylight." (Doc. No. 1 at 5). The complaint alleges that Plaintiff is "suffering from PTSD from slavery and the assassination of [Dr.] Martin Luther King, Jr." (*Id.*) Plaintiff believes the State of Tennessee "could've protected" Martin Luther King, Jr. more. (*Id.*) Plaintiff seeks reparations, "a debate with the governor of Tennessee and the Mayor of Memphis," and "to be placed on the 2024 general election ballot for Potus." (*Id.*)

D. ANALYSIS

The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is

the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, Plaintiff filed his complaint on April 1, 2024.[2] (*See* Doc. No. 1 at 11). The claims set forth in the complaint arise from incidents that occurred, by Plaintiff's own admission, in the "1800's and 1968." (Doc. No. 1 at 5). There is nothing in the complaint suggesting that Plaintiff would not have known or did not have reason to know of the claimed injuries which are the basis of his action well before April 1, 2023. Thus, Plaintiff's claims are barred by the governing one-year statute of limitations for Section 1983 claims in Tennessee.

### III. CONCLUSION

Plaintiff's Section 1983 claims (the sole claims brought in the complaint) were filed outside of the governing one-year statute of limitations and are therefore **DISMISSED**.

Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[2] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Plaintiff filed his complaint on April 1, 2024, the date he signed the complaint (Doc. No. 1 at 11), even though the Clerk of Court received and docketed the complaint on April 16, 2024.